## STATE OF FLORIDA v. COLLINS
No. 82-MM-0715
County Court, Leon County
July 12, 1982

C. L. Fordham, Jr., Asst. State Attorney, for plaintiff.

Milton E. Grusmark, for defendant.

HAL S. McCLAMMA, County Judge

The Defendant has filed a motion seeking the dismissal of the information in this case on the grounds that the statute supporting it is unconstitutional

and, if enforced, deprives the Defendant of his federal and state right to freedom of speech.

The statute is Section 112.317(6), Florida Statutes. It prohibits:

1. *A complainant* from willfully disclosing or permitting to be disclosed his intention to file an ethics complaint with the Ethics Commission.

2. *Anyone* from willfully disclosing or permitting to be disclosed:

   a. The existence or contents of a complaint which has been filed with the Commission, or

   b. any document, action or proceeding in connection with a confidential preliminary investigation of the Commission.

To be unlawful, the prohibited acts must take place before the complaint, document, action or proceeding becomes a public record.

In *Landmark Communications, Inc. vs. Virginia,* 435 U.S. 829, 56 L.Ed.2d 1, 98 S.Ct. 1535 (1978), the United States Supreme Court seems to have laid to rest any question about the applicability of this type of law to *anyone* but the *complainant,* holding the First Amendment does not permit the criminal punishment of third persons who are strangers to the inquiry. (There may be other possible exceptions not relevant here for Ethics Commission staff and witnesses.)

Is the Defendant, the *complainant,* protected also by the First Amendment?

There is already precedent in investigatory proceedings for secrecy. See Sections 905.24-.28, Florida Statutes concerning Grand Juries. Some of the reasons often espoused are to keep accused from eluding arrest by advance knowledge; complete freedom of disclosure; prevent perjury and subornation of perjury. These reasons and possibly others have apparently been found sufficient governmental interests to sustain secrecy here.

How about Ethics Commission proceedings?

This Commission is a new creature (1974) and upon finding probable cause can only transmit the complaint to the body or official having removal or impeachment powers.

The brief of the State cites as significant governmental interest:

1. Protection of public officials from premature disclosure of unfounded complaints.

2. Protection of this investigatory process of the Commission itself and the protection of complaints and witnesses.

Yet, the right of the Defendant-*complainant* to make unfounded accusations to harm public officials and witnesses is not abridged, *by this law anyway,* if not accompanied by filing a complaint or an intent to file one.

There are those who say the Ethics Commission is but one more bureaucratic intrusion between the electorate and their chosen representatives—and that the voters are quite able to oust the scoundrels in due time.

Others say such a Commission is needed to assist the people in ferreting out unworthy public officials.

This law does not protect a public official from libel or slander except in a limited, narrow respect. It is difficult for this Court to see any great public interest to be served in subverting freedom of speech.

Granted, the Defendant-*complainant* chose his forum and an argument could be made that he is bound by the rules. Nonetheless, when those rules infringe on free speech they must be examined closely.

Finding no such governmental interest as to justify infringement on freedom of speech, the Motion of Defendant to Dismiss is granted.